UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**CIV-UNGARO-BENAGES**

CIVIL ACTION NO. _____

**MAGISTRATE JUDGE BROWN**

REINA GOMEZ,  )
NORMA SECUNDINO and  )
DORIS RIOS,  )
individually and on behalf of all  )
other persons similarly situated,  )
                                   )
      Plaintiffs,  )
                                   )
vs.  )    <u>CLASS ACTION</u>
                                   )
THE GRAHAM COMPANIES,  )
doing business as GRAHAM FARMS,  )
                                 )
      Defendant.  )
                                   )

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, COSTS OF LITIGATION
<u>AND ATTORNEY'S FEE</u>**

<u>Preliminary Statement</u>

1. This is an action by three migrant farmworkers to secure and vindicate rights afforded to them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, <u>et seq</u>. ("AWPA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq</u>. ("FLSA").

2. The Plaintiffs complain of the Defendants' violations of law during the period they worked on the Defendant's dairy operations near Moore Haven from January, 2000 through December, 2003.



During this period of time, the Defendant routinely violated the working arrangement, wage payment, recordkeeping and wage statement provisions of the AWPA. In addition, on occasion, the Plaintiffs were paid less than the federally-mandated minimum wage for their labor.

3. At the time they were hired by the Defendant, the Plaintiffs were promised to be paid an hourly wage, supplemented by bonuses based on the milk production of their particular barn. The Defendant routinely and consistently breached its employment contracts with the Plaintiffs and the other class members by failing to pay them the promised wage for each hour worked.

4. The Plaintiffs seek money damages, declaratory relief and injunctive relief to redress these violations of law.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854, this action arising under the AWPA; by 29 U.S.C. § 216(b), this action arising under the FLSA; by 28 U.S.C. § 1331, this action involving questions of federal law; and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

6. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

7. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 29 U.S.C. § 1854.

## PARTIES

9. Plaintiffs Reina Gomez and Doris Rios are citizens of El Salvador presently residing in south-central Florida. At all times relevant to this action, Plaintiffs Reina Gomez and Doris Rios were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(A) and 29 C.F.R. §500.20(p). At all times relevant to this action, Plaintiffs Reina Gomez and Doris Rios were employed in the production of goods for sale in interstate commerce.

10. Plaintiff Norma Secundino is a citizen of Mexico presently residing in south-central Florida. At all times relevant to this action, Plaintiff Norma Secundino was a migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(A) and 29 C.F.R. §500.20(p). At all times relevant to this action, Plaintiff Norma Secundino was employed in the production of goods for sale in interstate commerce.

11. Defendant The Graham Companies is a closely-held Florida corporation based in Miami Lakes, Miami-Dade County, Florida. Doing business as Graham Farms, The Graham Companies operate a dairy near Moore Haven, Florida and produce goods for sale in interstate commerce. At all times relevant to this action, The Graham Companies was an agricultural employer within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm, ranch or processing establishment and hired and employed migrant or seasonal agricultural workers.

## CLASS ACTION ALLEGATIONS

12. All claims in Counts I and III of this action are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules

of Civil Procedure.

13. The named Plaintiffs seek to represent a class consisting of all migrant and seasonal agricultural workers, as defined by the AWPA, who were employed by The Graham Companies on its Moore Haven dairy operations at any time between January, 2000 and December, 2003, inclusive, and whose compensation was based at least in part on the volume or quality of milk produced by the cows in the barn to which they were assigned.

14. The precise number of individuals in the class is known only to the Defendant. The class is believed to include approximately 200 individuals. The class is comprised of indigent farmworkers, many of whom maintain their permanent residences in locations outside the United States. Most of the class members are not fluent in the English language. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all class members is impracticable.

15. There are questions of fact common to the class. The common questions of fact include whether the Defendant made, kept and maintained payroll records as required by the AWPA with respect to the labor of the class members, whether the class members were paid their wages when due, and whether the Defendant complied with its employment contract obligations with regard to the class members.

16. There are questions of law common to the class. These common legal questions include whether the Defendant's employment practices violated the recordkeeping, wage statement, working arrangement and wage payment provisions of the AWPA.

17. The claims of the named Plaintiffs are typical of those of the class, and these typical,

common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

18. Counsel for the Plaintiffs have handled numerous class actions in the federal courts, including class actions under the AWPA. The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action.

19. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy, because, inter alia:

a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c. There has been no litigation already commenced against the Defendant by the members of the class to determine the questions presented;

d. It is desirable that the claims be heard in this forum since the Defendant has significant contacts with this District; and

e. A class action can be managed without undue difficulty because the Defendant has regularly committed the violations complained of herein, and is believed to have maintained detailed records concerning each member of the class.

## COUNT I

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

20. This count sets forth a claim by the Plaintiffs for damages, declaratory relief and injunctive relief for the Defendant's violations of the AWPA and its attendant regulations.

21. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 19 of this Complaint.

22. The Defendant recruited and hired the Plaintiffs and the other class members to perform work on its dairy near Moore Haven, Florida. The Plaintiffs and the other class members were assigned to jobs in the various milking barns at the dairy.

23. At the time it hired the Plaintiffs and the other class members, the Defendant agreed to pay each of them a set sum for each compensable hour of employment, plus a "bonus" based on the volume and quality of milk produced during the pay period in the milking barn to which the individual worker was assigned. The hourly rates paid the class members varied, based on the position and experience of the worker.

24. At no time relevant to this action did the Defendant post at the place of the employment of the Plaintiffs and the other class members a poster setting forth the rights and protections afforded migrant and seasonal agricultural workers under the AWPA.

25. The Defendant failed to make, keep and maintain payroll records as required by the AWPA, 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1), and its implementing regulations, 29 C.F.R. § 500.80(a), with regard to the labor of the Plaintiffs and the other class members. Among other

things, the Defendant failed to make, keep and maintain records accurately reflecting the hours worked by the Plaintiffs and the other class members.

26. The Defendant failed to provide the Plaintiffs and the other class members each pay period with a written statement setting forth the data required to be included by the AWPA, 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and its attendant regulations, 29 C.F.R. §500.80(d). The wage statements provided to the Plaintiffs and the class members did not accurately report the hours worked or the basis for the "bonus" payments for the workweek.

27. Contrary to its agreement with and promises to the Plaintiffs and the other class members at the time of their hiring, the Defendant did not pay the Plaintiffs and the other class members the agreed-upon hourly rate for each compensable hour of work performed. Instead, the Defendant paid the Plaintiffs and the other class members wages based on eight hours of work per day, regardless of the number of hours actually worked. During most workweeks, the Plaintiffs and the other class members worked well in excess of eight hours per day.

28. By failing to pay the Plaintiffs and the other class members the agreed-upon rate for all compensable hours worked, the Defendant violated without justification its working arrangement, in violation of the AWPA, 29 U.S.C. §§ 1822(c) and 1832(c), and its implementing regulations, 29 C.F.R. § 500.72.

29. As a result of its failure to pay the Plaintiffs and the other class members the agreed-upon hourly rate for all compensable hours worked, the Defendant failed to pay to the Plaintiffs and the other class members their wages when due, in violation of the AWPA, 29 U.S.C. §§ 1822(a) and 1832(a), and its implementing regulations, 29 C.F.R. § 500.81.

30. The Defendant's violations of the AWPA and its attendant regulations as set forth in this

count were the natural consequences of its conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

31. As a result of the violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other class members have suffered damages.

## COUNT II

### (FAIR LABOR STANDARDS ACT)

32. This Count sets forth a claim by the Plaintiffs for damages relief for the Defendant's violations of the minimum wage provisions of the Fair Labor Standards Act.

33. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

34. At no time relevant to this action did the Defendant post in a conspicuous place a poster or other written statement advising the Plaintiffs of their right to the minimum wage under the FLSA. Such posting is required by regulations issued under the FLSA, 29 C.F.R. § 516.4.

35. The Plaintiffs did not learn of their entitlement to the federal minimum wage for their work until they contacted counsel, in or about October, 2003.

36. The Defendant failed to pay each of the Plaintiffs at least $5.15 for every compensable hour of labor performed in each workweek, thereby violating the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(a).

37. As a result of the violations set forth in this Count, each of the Plaintiffs is entitled to recover the amount of her unpaid minimum wages and an equal amount as liquidated damages, in accordance with 29 U.S.C. § 216(b).

## COUNT III
### (BREACH OF CONTRACT)

38. This count sets forth a claim by the Plaintiffs and the other class members for damages rising from the Defendant's breaches of its employment contracts.

39. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

40. As set out in Paragraph 23, at the time it hired the Plaintiffs and the other class members, the Defendant promised to pay them a set hourly wage for each compensable hour worked, plus a bonus based on the milk production of the barn to which the worker was assigned. This promise constituted an employment contract between the Defendant and the class members.

41. The Defendant breached the employment contract by failing to pay the Plaintiffs and the other class members the promised hourly wage for each compensable hour worked. Instead, the Defendant simply paid the agreed-upon hourly wage for eight hours per workday, regardless of the hours actually worked. On most workdays, the Plaintiffs and the other class members worked far in excess of eight compensable hours.

42. As a result of the Defendant's contractual breaches as set out in this count, the Plaintiffs and the other class members have suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray this Court will enter an order:

(a) Certifying the case as a class action in accordance with Fed. R. Civ. P. 23(b)(3) with respect to the claims set forth in Counts I and III of this Complaint;

(b) Declaring that the Defendant has intentionally violated the AWPA and its attendant regulations as set forth in Count I of this Complaint;

(c) Granting judgment in favor of the Plaintiffs and the other members of the class and against the Defendant on the claims set forth in Count I of this Complaint and awarding each of them his or her actual damages (including prejudgment interest) or $500 in statutory damages, whichever is greater, for every violation of the AWPA and its attendant regulations set forth in that count;

(d) Granting judgment for the Plaintiffs and against the Defendant on the Plaintiffs' Fair Labor Standards Act claims as set forth in Count II and awarding each of them her unpaid minimum wages and an equal amount as liquidated damages;

(e) Granting judgment in favor of the Plaintiffs and the other members of the class and against the Defendant on the claims set forth in Count III of this Complaint, and awarding each of them his or her actual and compensatory damages resulting from the Defendant's contractual breaches;

(f) Permanently enjoining the Defendant from further violations of the AWPA and its attendant regulations;

(g) Awarding the Plaintiffs the costs of this action;

(h) Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims under the

Fair Labor Standards Act;

(i) Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims under the wage payment and working arrangement provisions of the AWPA, pursuant to Fla. Stat. § 448.08;

(j) Granting such further relief as the Court deems just and equitable.

Respectfully submitted,

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Post Office Box 2110
Belle Glade, Florida   33430-7110
Telephone:   (561) 996-5266
Facsimile:    (561) 992-5040
e-mail:          Greg@Floridalegal.Org

JoNel Newman
Florida Bar Number 112320
FLORIDA LEGAL SERVICES, INC.
Miami Advocacy Office
3000 Biscayne Boulevard
Suite 450
Miami, Florida   33137
Telephone:   (305) 573-0092
Facsimile:    (305) 576-9664
e-mail:          JoNel@Floridalegal.Org

Attorneys for Plaintiffs

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-UNGARO-BENAGES

## I. (a) PLAINTIFFS
Reina Gomez
Norma Secundino
Doris Rios

## DEFENDANTS
The Graham Companies, doing business as Graham Farms

MAGISTRATE JUDGE
BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: El Salvador
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade 04CV 20212 Ungaro/Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Migrant Farmworker Justice Project
508 Lucerne Ave, Lk. Worth, FL 33860
(561) 582-3921

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 875 Customer ... 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 USC 1801, et seq.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___
DOCKET NUMBER ___

DATE: Jan. 27, 2004
SIGNATURE OF ATTORNEY OF RECORD

Gregory S. Schell
Fla Bar # 287199

**FOR OFFICE USE ONLY**
$150.00  895625

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___